## *In re* Scott, Bankrupt.

(*District Court, S. D. New York.*    July 25, 1881.)

**1. Witness—Reference—Referee's Fees—Particular Order Construed.**

     The fees of the register to whom a reference is taken under an order directing a witness, who had refused to answer certain questions, to answer each and all of them, etc., "unless the said James W. Gillies shall, within five days from the service of a copy of this order upon him, or his attorney, take an order of reference herein to Edgar Ketchum, Esq., register," etc., must be paid in the first instance by the witness therein referred to, as such reference is taken for his benefit, not for the information of the court.

**2. Officer of the Court—Agreements Affecting His Right to Legal Compensation—Rule.**

     An agreement that is relied upon to vary the right of an officer of the court to legal compensation is not to be regarded, in case a dispute arises as to its terms, unless it is in writing or entered in the minutes.

In Bankruptcy. Appeal from taxation of costs of bill of the register.

*Wm. H. Gale,* for appellant.

*Fredk. J. Stokes,* for respondent.

Brown, D. J. In a proceeding against the bankrupt, an opposing creditor, Phelps, subpœnaed Gillies as a witness to testify concerning some transactions of the firm of Wright, Gillies & Bro., in which the bankrupt was at one time a partner. Gillies having refused to answer certain questions, claiming that they were improper, the matter was certified to the court, and, after hearing, the court, on December 14, 1880, ordered—

"That said James W. Gillies be, and he hereby is, directed and required to answer each and all of the questions propounded to him upon his said examination, and to produce the accounts called for on his said examination, unless the said James W. Gillies shall, within five days from the service of a copy of this order upon him or his attorney, take an order of reference herein to Edgar Ketchum, Esq., register, to take testimony on the question whether there was an account stated between the firm of Wright, Gillies & Bro."

The attorney of Gillies thereupon entered an order of reference to the register to take proof of the facts concerning the legality of the subject-matter of the inquiry, and by a subsequent order his attorney procured an enlargement of the scope of the inquiry. Upon this interlocutory reference a little testimony was taken and numerous adjournments were had, the examination of the witness in the original proceeding being in the mean time suspended. The bankrupt having thereafter effected a composition with his creditors, which has been approved, the register presented to the attorney of the witness a bill of $49 against the firm of Wright, Gillies & Bro. for the pro-

ceedings upon the interlocutory reference, which the clerk has allowed, upon notice of taxation by the register. The attorneys for the witness and for the opposing creditor presented their affidavits to the effect that the register agreed to make no charge for adjournments, which alleged agreement the register denies. Counsel for the witness contends that Gillies, as a mere witness, cannot be made chargeable with the register's fees on the reference until or unless he is found to be wrong in refusing to answer, and that the interlocutory reference is for the information of the court, to enable it to determine that question. If the reference were purely of the character and for the purpose claimed by counsel for the witness, I should agree with them that it would be the duty of the creditor, as the moving party, to pay the register's fees. But I cannot so interpret the order made by my predecessor, upon hearing the matters certified to him concerning the original questions put to the witness and his refusal. The plain meaning and effect of that order were that the witness must answer the questions, unless he chose to have a reference for further testimony concerning their propriety, no sufficient grounds then appearing to justify the refusal to answer. This gave an election to the witness to take such a reference, if he desired, for his own justification and for his own benefit; not a reference for the information of the court, upon its own motion, before any decision could be made upon the matters before it. The matter was decided against the witness, unless he chose to take a reference for further proofs, to justify himself, if he could. It belongs, therefore, to the witness and not to the opposing creditor to pay, in the first instance, the fees upon the reference which was had upon his own election and for his own benefit. If the ultimate decision upon the referee's report should be in favor of the witness, he would be allowed his costs against the opposing creditor. And he has a right, if he chooses, notwithstanding the composition, to bring the reference to a legal close, that his rights may be adjudged and protected.

The register is *prima facie* legally entitled to a reasonable compensation for his attendances upon the numerous adjournments. If an agreement is relied upon to vary an officer's right to legal compensation, by making it either more or less, and the alleged agreement be disputed, I think the usual rule as to disputed agreements between attorneys should be applied, viz., not to regard them unless reduced to writing or entered in the minutes. The register must, therefore, be held entitled, in the absence of any such entry, to a reasonable compensation.

As Gillies was called as a witness merely, and not in any proceeding by his firm as such, his refusal to answer was a matter wholly personal. It is of no consequence in whose ultimate interest his refusal to answer was made—whether for the firm's benefit or the bankrupt's, or otherwise. If adjudged in contempt, the punishment or penalty must have been personal, and so also are the expenses of this reference in the endeavor on his part to justify his refusal. For this reason the taxation of the bill, as against the firm, must be overruled. The views of the court have been expressed on the other points raised, to enable the parties to adjust the matter between themselves without further application to the court.